The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 23, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 23, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KATRINA T. ROBINSON, | ) | Case No. 19-14515 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| KATRINA T. ROBINSON, | ) | |
| Plaintiff. | ) | Adversary Proceeding |
| | ) | No. 20-1039 |
| v. | ) | |
| | ) | |
| KEYBANK NATIONAL | ) | |
| ASSOCIATION, *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION[1]

This adversary proceeding is currently before the Court on motions to dismiss by defendant-creditor Amos Financial, LLC (Docket No. 8) and defendant-creditors KeyBank National Association and PHH Mortgage

---

[1] This Opinion is not intended for official publication.

Corporation (Docket No. 16). The defendants contend that this adversary proceeding should be dismissed on the basis of statute of limitations, res judicata, judicial estoppel, standing, the debtor's failure to list the claims in her bankruptcy schedules, and because it is an impermissible collateral attack on the state court foreclosure judgment. For the reasons that follow, the defendants' motions to dismiss are granted because, absent abandonment under 11 U.S.C. § 554, these claims must be brought by the Chapter 7 trustee. The Court therefore finds it unnecessary to address the defendants' other theories for dismissing the adversary proceeding.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

Unless otherwise indicated, the following facts are based on the allegations in the complaint and the public dockets of this Court. On January 28, 2002, the debtor executed a note with KeyBank National Association ("KeyBank") for $74,150.00 with a yearly interest rate of 5.75% and a maturity date of February 1,

2032. The note was secured by a mortgage dated January 28, 2002, that encumbered the property owned by the debtor located at 3526 W. 127th Street, Cleveland, Ohio 44111.

On October 9, 2008, the debtor filed her first Chapter 7 bankruptcy petition (Case No. 08-17715). The debtor received a discharge on October 6, 2009. The debtor claims that "in the 2007 bankruptcy proceeding, [she] reaffirmed and received a new promissory note agreement in or around October, 2014." However, there is no 2007 bankruptcy case involving the debtor, and the 2008 case does not include any reaffirmation agreements.

Beginning in 2014, KeyBank filed three different foreclosure proceedings in the Cuyahoga County Court of Common Pleas. KeyBank filed the first foreclosure proceeding on July 2, 2014, and KeyBank dismissed the foreclosure action without prejudice on November 12, 2014 (Case No. CV-14-829250). According to the debtor, in or around that time, the alleged balance due was paid for through government rescue funds. KeyBank filed a second foreclosure action on February 3, 2017, that was dismissed for failure to prosecute on February 23, 2018 (Case No. CV-17-875380). KeyBank filed a third foreclosure action on May 14, 2018 (Case No. CV-18-897666). The debtor did not file any counterclaim or cause of action against the defendants during the foreclosure. The trial court granted

KeyBank's January 29, 2019, motion for summary judgment on June 10, 2019. The judgment determined that KeyBank was owed $54,937.41, plus interest at the rate of 2% per year from May of 2016, $2,745.02 of deferred principal to which no interest accrues, $489 in attorney's fees, and costs. The debtor filed an appeal of the judgment on July 5, 2019. The appeal remains pending.

From 2010 to 2017, the debtor alleges various wrongful acts by the defendants in the servicing and administration of the loan. The debtor claims that the defendants wrongfully denied her requests for various assistance programs and loan modifications, misapplied payments, failed to account for payments by the debtor and various governmental or quasi-governmental programs, added unexplained fees and costs to each monthly statement, and engaged in wrongful debt collection practices. The debtor therefore claims that the note, mortgage, and any and all related instruments are fraudulent and unenforceable, and the corresponding debt is dischargeable.

On July 23, 2019, the debtor filed a second Chapter 7 bankruptcy petition. The debtor received a discharge on November 20, 2019. On December 31, 2019, KeyBank claims it assigned the note and mortgage at issue to Amos Financial, LLC ("Amos Financial"). On January 9, 2020, the debtor claims that KeyBank sent her a "Notice of Servicing Transfer" that stated that PHH Mortgage

4

Corporation ("PHH") was no longer the servicer of the loan and Amos Financial was the new servicer. On April 29, 2020, the debtor filed this adversary proceeding, seeking "a declaration of the validity, scope, enforceability, legality, priority, dischargeability, and/or extent of an interest in the [p]roperty" (Docket No. 1).

RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b), provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Pleadings in adversary proceedings are governed by Federal Rule of Civil Procedure 8, made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Supreme Court has stated that a "claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The Supreme Court has further noted:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950 (citations omitted). Under the pleading standard conveyed in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a Rule 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP* (*In re NM Holdings Co.*), 622 F.3d 613, 623 (6th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949); *see also Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). "[A] legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

When a debtor files a bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of

6

the bankruptcy estate. 11 U.S.C. § 541(a)(1); *see also Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012). "[I]t is well established that the interests of the debtor in property include causes of action." *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 440–41 (6th Cir. 1988) (internal citations omitted). After the petition is filed, "the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Bauer*, 859 F.2d at 441 (quoting *Jefferson v. Mississippi Gulf Coast YMCA,* 73 B.R. 179, 181–82 (S.D.Miss.1986)). Absent abandonment, "only the [t]rustee may bring [a prepetition] claim, and [a debtor] 'has no standing to pursue' it alone." *Auday*, 698 F.3d at 904 (quoting *Bauer*, 859 F.2d at 441). This principle applies in both Chapter 7 and Chapter 13 bankruptcy cases. *Id.*; *Rugiero v. Nationstar Mortg., LLC*, 580 F. App'x 376, 378 (6th Cir. 2014).

Although the debtor makes a brief reference to the defendants' alleged "harassment of [the debtor] and her family" during the debtor's pending bankruptcy case, the debtor's claims all appear to be based on the defendants' actions related to the loan prior to 2017, including alleged predatory lending practices, misapplied payments, improper fees, and denial of access to various assistance programs. Additionally, all of the state court foreclosure proceedings,

7

20-01039-aih    Doc 26    FILED 07/23/20    ENTERED 07/23/20 12:43:54    Page 7 of 10

including the decree of foreclosure, took place before the debtor's 2019 bankruptcy case was filed. The debtor does not dispute that this adversary proceeding is based on prepetition claims, but instead asserts that she is entitled to amend her schedules to include the claims at any time before the case is closed. Even if the debtor does amend her schedules to include the prepetition claims, absent the trustee's abandonment of the claims, "only the [t]rustee may bring [the prepetition] claim[s], and [the debtor] 'has no standing to pursue' [the claims] alone." *Auday*, 698 F.3d at 904 (quoting *Bauer*, 859 F.2d at 441). There is nothing in the record to indicate that the trustee has abandoned the debtor's prepetition claims against the defendants, and as such the debtor has no standing to pursue the claims herself.

The debtor cites two cases outside the Sixth Circuit to support her contention that a debtor may bring a prepetition cause of action in the place of the trustee. In *Schwartz v. Deutsche Bank National Trust HomEq. Servicing Corp.*, the court held that because the trustee failed to act and did not pursue the debtor's claims, the debtor was entitled to pursue the claims herself. *Schwartz v. Deutsche Bank National Trust HomEq. Servicing Corp. (In re Schwartz)*, 447 B.R. 676 (Bankr. D. Mass. 2011). However, binding Sixth Circuit precedent is clear. Absent abandonment and notice to creditors of such abandonment, "[w]ithout the trustee, [a debtor] may not pursue her lawsuit." *Auday*, 698 F.3d at 905. Here, there is no

indication in the record that the trustee has abandoned the claims, and therefore the debtor has no standing to bring this adversary proceeding.

The debtor also cites *Gecker v. Marathon Financial Insurance Co., Inc.* for the proposition that courts have allowed creditors, rather than the trustee, to pursue claims that belong to the bankruptcy estate. *Gecker v. Marathon Financial Insurance Co., Inc. (In re Auto. Professionals, Inc.)*, 389 B.R. 630 (Bankr. N.D. Ill. 2008). In *Gecker*, a Chapter 11 case, the court noted that some courts have permitted creditors to "pursue the trustee's rights for the benefit of the estate when the trustee has refused to pursue the claim and the [creditor] has obtained bankruptcy court approval to sue in the trustee's stead." *Gecker*, 389 B.R. at 634. However, in this case, the trustee did not refuse to pursue the debtor's unscheduled claims, and the debtor did not seek the Court's approval to bring the claims in the trustee's stead.

Because the debtor did not have standing to bring this adversary proceeding, the defendants' motions to dismiss are granted. The Court therefore finds it unnecessary to address the defendants' other theories for dismissing the adversary proceeding. For example, the Court need not decide at this time whether the trustee (or the debtor following abandonment by the trustee under 11 U.S.C. § 554) would be barred from pursuing these claims because the debtor failed to raise them

9

in connection with the state court foreclosure proceedings or because of the issue-preclusive effect of the state court foreclosure judgment. *See Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268 (6th Cir. 2016); *King v. Bank of America NA*, No. 3:18 CV 2248, 2019 WL 3292184, (N.D. Ohio June 19, 2019), *report and recommendation adopted*, 2019 WL 3290333 (N.D. Ohio July 22, 2019).

## CONCLUSION

The defendants' motions to dismiss are granted.

IT IS SO ORDERED.